## Lapsley *v.* Pittsburgh Railways Co., Appellant.

*Negligence—Street rilways—Trolley cars—Duty to avoid frightening horses—Case for jury.*

1. While it is unquestionably the duty of a motorman to ring his gong with emphasis upon proper occasions, it may be negligence to ring it violently and unnecessarily, in proximity to a frightened horse whose condition is manifest.

2. In an action against a street railway company to recover damages for personal injuries sustained by plaintiff in consequence of being thrown from a wagon by the frightening of his horse, plaintiff's evidence tended to show that he was driving across a bridge over which defendant's cars ran; that his horse was frightened by an approaching passenger car, the gong of which was being violently rung as it neared the bridge; and that the motorman continued to ring the gong though he could have seen that plaintiff's horse was shying and excited, and though plaintiff warned him to stop by throwing up his hand. Defendant offered evidence to the effect that the horse frightened at an ash car, which was standing still in front of the passenger car; that the passenger car had also stopped and was started again in the usual quiet way, with perhaps a single tap of the gong; and that the mere sight of the car proceeding in the ordinary way caused the horse to shy and become unmanageable. The trial judge left the question of defendant's negligence to the jury, who found a verdict for the plaintiff upon which judgment was entered. *Held,* no error.

Argued Oct. 20, 1913. Appeal, No. 16, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., Aug. T., 1910, No. 390, on verdict for plaintiff in case of A. E. Lapsley v. Pittsburgh Railways Company. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SWEARINGEN, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500, and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and enter judgment for defendant n. o. v.

*William A. Challener,* with him *Clarence Burleigh,* for appellant.

*Rody P. Marshall,* of *Marshall & Marshall,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 5, 1914:

In this action, the plaintiff sought to recover damages for personal injuries alleged to have resulted from the negligence of the defendant. The accident upon which the claim is based, occurred on the afternoon of August 30, 1909, upon a bridge which extends across the Monongahela river, from McKeesport to Dravosburg. Plaintiff and his brother seated in a one horse vehicle, were driving across the bridge in a southerly direction towards Dravosburg. The circumstances of the accident, and the contentions of the parties are well stated in appellant's history of the case, as follows: "Where the south approach of the bridge begins to descend, a viaduct of the defendant company turns away from the bridge and towards the left or up-river side. Near this intersection there is a waiting room, also on the up-river side of both structures. Two street railway tracks are laid along the bridge and continue down the bridge approach by a descending grade in a straight line. Two other street railway tracks follow the line of the viaduct on a rising grade. Just beyond the intersection of these tracks, practically opposite the waiting room, an ash car belonging to the defendant company stood on the inbound bridge track, waiting its turn to switch onto the viaduct tracks. The plaintiff and his brother approached the ash car and the horse gave some signs of fright. The plaintiff pulled to his left to pass by the ash car and was either passing, or had actually passed the ash car, when an open or summer street car came down the via-

duct on the outbound viaduct track for the purpose of getting onto the bridge. The plaintiff claims that his horse took fright because of the approach of the street car on the viaduct and in part also by the ringing of a gong upon the street car. The horse ran away and threw out plaintiff and his brother, inflicting personal injuries. The summer car did not strike or collide with the vehicle in which plaintiff was riding.

"The defense was that so far as the summer car is concerned, it was approaching at a proper rate of speed, and that there was no negligence in the manner of its operation, either as regards speed or in the ringing of the bell. So far as the ash car is concerned, the defense was that the ash car was a proper appliance and was being used for a proper purpose and in a proper way."

Upon the trial, a request for binding instructions in favor of the defendant was refused, and the questions of negligence and contributory negligence were submitted to the jury, who found a verdict of $2,500.00 in favor of plaintiff. Motions for a new trial and for judgment in favor of defendant, notwithstanding the verdict, were refused, and judgment was entered on the verdict. Defendant has appealed, and the single question raised is whether there was sufficient evidence of negligence to justify its submission to the jury. The trial judge instructed the jury that there was not sufficient evidence to show that the motorman ran the car down the viaduct at an extraordinary rate of speed. He also charged that the defendant company had the right to run the ash car to the place in which it stood at the time of the accident and that the evidence did not show that it was left there an unreasonable time. The trial judge did, however, after fairly setting out the testimony of the plaintiff and the defendant, which was contradictory as to this point, submit to the jury the question whether it was negligence in the motorman, if he did do what he was charged with doing in the testimony of the plaintiff, that is, come down the viaduct rapidly, ringing his gong, when he saw,

or could have seen that plaintiff's horse was shying and excited; and that he further disregarded the warning given by plaintiff's brother when the latter threw up his hand, notwithstanding which, the motorman continued to approach and to ring his gong.

After a very careful consideration of the testimony, we are led to the conclusion that the trial judge was justified in leaving the question of defendant's negligence to the jury. The situation was unusual, it was upon a bridge, in a narrow roadway, with comparatively little space for the horse to pass. We cannot say but that from the evidence of the plaintiff, an inference could fairly have been drawn by the jury that the motorman might have observed the fright of the horse, aggravated by the approach of the car, and the ringing of the gong, with the likelihood of the horse becoming uncontrollable, to the great peril of the driver and the person with him. If these were the conditions, with the car close at hand, it was hardly the part of reasonable prudence to keep the car in motion, and to continue a loud clanging of the gong. Yet this is what the motorman did, if the testimony of the plaintiff and his brother is to be accepted as true. While it is unquestionably the duty of the motorman to ring his gong with emphasis upon proper occasions, yet it may be negligence to ring it violently and unnecessarily in proximity to a frightened horse, whose condition is manifest. Ordinary prudence should be exercised by the motorman under such circumstances. Of course the testimony for the defendant tended to show an entirely different situation. It was to the effect that the horse frightened at the ash car which was standing still. And that the passenger car had also stopped, and was started again in the usual quiet way, with perhaps a single tap of the gong, and that the mere sight of the car proceeding in the ordinary way, caused the horse to shy and become unmanageable. If this was the case, the plaintiff had no right to recover, and the jury were so instructed. But upon the testi-

mony of the plaintiff, the case was not sufficiently clear, we think, to have justified the court below in saying as matter of law, that there could be no recovery.

The assignments of error are dismissed, and the judgment is affirmed.